UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANDREA T.,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

CASE NO. C22-5841-BAT

**ORDER REVERSING THE COMMISSIONER'S DECISION**

Plaintiff appeals the ALJ's finding that she is not disabled. She contends the ALJ erroneously discounted (1) the April 2021 opinion of examining psychologist Terilee Wingate, Ph.D.; (2) Plaintiff's testimony; and (3) a lay statement. Dkt. 13 1. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 48 years old, has an 11th-grade education and GED, and has worked as a cashier, caregiver, and babysitter. Tr. 74, 150-58, 425. In December 2014, she applied for benefits, alleging disability as of February 14, 2012. Tr. 387-402, 882. Her applications were denied initially and on reconsideration. Tr. 263-69, 281-92. The ALJ conducted hearings in 2016 and 2017 (Tr. 135-204), and subsequently found Plaintiff not disabled. Tr. 60-83.

ORDER REVERSING THE COMMISSIONER'S DECISION - 1

The Appeals Council denied Plaintiff's request for review (Tr. 1-7), and Plaintiff sought judicial review.  The U.S. District Court for the Western District of Washington reversed the ALJ's decision and remanded for further administrative proceedings.  Tr. 977-91.  On remand, the ALJ held another hearing (Tr. 915-39), and subsequently issued a decision finding Plaintiff not disabled.  Tr. 882-904.  The Appeals Council declined to assume jurisdiction of the case, and the ALJ's decision is therefore the Commissioner's final decision.  Tr. 857-64.

## DISCUSSION

**A.     Dr. Wingate's Opinion**

Dr. Wingate examined Plaintiff multiple times and completed DSHS form opinions in October 2017, September 2019, and January 2021.  *See* Tr. 1579-86, 1705-11, 1938-42.  In April 2021, Dr. Wingate conducted additional cognitive testing, rated Plaintiff's full-scale IQ as 63, and prepared a narrative report describing Plaintiff's symptoms and limitations.  Tr. 1944-53.  At that time, Dr. Wingate concluded, in pertinent part:

> [Plaintiff] cannot sustain attention to tasks throughout a daily or weekly work schedule without interruption from anxiety, depressed mood, fatigue, and inattention.  She has extremely poor stress tolerance and when pressures are placed upon her, she will withdraw and isolate.  She has sufficient judgment to avoid hazards and make work decisions.  Due to severe social anxiety and marked social isolation, she rarely even leaves her home and she never leaves her home alone.  She cannot interact appropriately with supervisors, coworkers or the pub[l]ic.

Tr. 1949.

The ALJ gave little weight to each of Dr. Wingate's opinions finding her description of disabling mental limitations was inconsistent with Plaintiff's treatment notes, which document "generally stable mental health symptoms with conservative treatment of medication and counseling."  Tr. 900.

Plaintiff contends the grounds the ALJ provided to discount Dr. Wingate's April 2021 are erroneous. Plaintiff did seek treatment for her mental conditions and some of her symptoms improved with conservative treatment, but most of Plaintiff's symptoms did not improve. Clinicians repeatedly described Plaintiff's isolation, inability to leave her home alone, and social anxiety, and indicated Plaintiff did not progress in this area.[1] Most of the treatment notes also reference some normal mental status findings, but those findings do not pertain to Plaintiff's social functioning and when the notes are considered as a whole, they are not inconsistent with Dr. Wingate's opinions regarding Plaintiff's disabling social limitations. The ALJ erred in focusing only on normal mental status findings and ignoring the significant social limitations recorded in those notes, thereby mischaracterizing the notes as documenting improvement and symptom stability. *See Reddick v. Chater*, 157 F.3d 715,722-23 (9th Cir. 1998) ("In essence, the ALJ developed his evidentiary basis by not fully accounting for the context of materials or all parts of the testimony and reports. His paraphrasing of record material is not entirely accurate regarding the content or tone of the record. We conclude that his approach and conclusions do not fully account for the nature of CFS and its symptoms.").

---

[1] *See* Tr. 845 (Plaintiff reports she is "not ready to leave house to socialize"), 1264 (Plaintiff reports she does not leave her house for fear of triggering her PTSD), 1278 (Plaintiff describes feeling content with staying home), 1280 (Plaintiff reports continuing to isolate), 1281 (Plaintiff not ready to attempt socializing outside her family), 1284 (Plaintiff reports spending all of her time at home; therapist observes that Plaintiff is "stable, however no progress in therapy"), 1286 (Plaintiff not ready to join group therapy session; not sure she wants to leave her home for activities), 1288 (therapist discusses Plaintiff's lack of progress in therapy regarding social isolation), 1297 (Plaintiff reports she is unable to leave her home except for appointments), 1335 (Plaintiff still unwilling to try group therapy), 1659 (Plaintiff describes socializing "mostly with family"), 1664 (Plaintiff not ready to try group therapy), 1672 (same), 1687 (same), 1689 (Plaintiff stated she was ready to start group therapy, but then failed to attend any of the sessions (Tr. 1690-91, 1693, 1694)), 1698 (Plaintiff reports leaving her home twice in the past month with her sisters).

ORDER REVERSING THE COMMISSIONER'S DECISION - 3

Normal mental status findings are reasonably inconsistent, however, with the disabling concentration/attention deficits that Dr. Wingate described, and the ALJ therefore did not err in discounting that part of Dr. Wingate's opinion, but that evidence is not inconsistent with the disabling social limitations Dr. Wingate indicated. Thus, the ALJ failed to provide a legally sufficient reason to discount the social limitations referenced in Dr. Wingate's April 2021 opinion.

Although Plaintiff requests, in the alternative, that this error warrants a remand for a finding of disability (Dkt. 22 at 18), Plaintiff fails to establish this remedy is appropriate. *See Leon v. Berryhill*, 880 F.3d 1044, 1045 (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule."). Thus, the Court orders this case be remanded for further administrative proceedings to allow reconsideration of the social limitations identified in Dr. Wingate's April 2021 opinion.

**B.      Plaintiff's Testimony**

The ALJ discounted Plaintiff's testimony of disabling limitations on the grounds: (1) Plaintiff's activities are inconsistent with her alleged limitations, (2) the objective evidence does not corroborate Plaintiff's allegations, (3) Plaintiff's knee condition improved with conservative treatment, and (4) some of Plaintiff's mental impairments improved with treatment. Tr. 891-96. Absent evidence of malingering, an ALJ must provide clear and convincing reasons to discount a claimant's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff does not challenge the ALJ's assessment of her physical allegations, but disputes whether her conditions improved over time, and contends that her "critical problems" were cognitive and therefore unlikely to improve with treatment. Dkt. 13 at 17. As noted above, the

ALJ erred in rejecting Dr. Wingate's opinion about Plaintiff's social functioning, and thus likewise erred in rejecting Plaintiff's testimony about this limitation. On remand the ALJ shall reconsider Plaintiff's allegations in light of the updated record on remand as necessary.

**C.    Lay Evidence**

Plaintiff's mother, Pamela W. completed a third-party function report in 2015. *See* Tr. 432-39.  The ALJ found this report was inconsistent with Plaintiff's self-reported activities and abilities, inconsistent with the opinions of certain non-examining providers, and inconsistent with a treating nurse's opinion regarding Plaintiff's physical exertion abilities.  Tr. 901.  The ALJ can reject the testimony of lay witnesses only upon giving germane reasons. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness.").

Plaintiff states that "plaintiff's physical impairments are not at issue," Dkt. 13 at 15, and thus the Court does not disturb the ALJ's findings as to these limitations. However, Ms. W. also stated Plaintiff has "difficulty communicating with strangers." Tr. 432. Again, as noted above, the ALJ erred in rejecting Dr. Wingate's opinion about Plaintiff's social functioning. Thus, on remand the ALJ shall reconsider Plaintiff's allegations in light of the updated record on remand as necessary.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reassess the social limitations identified in Dr. Wingate's April 2021 opinion, and in any testimony as to this limitation provided by Plaintiff and the lay witness,

Ms. W., develop the record and redetermine residual functional capacity as necessary, and proceed to the remaining steps of the disability evaluation process as needed.

DATED this 3rd day of April, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge